IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| SHELLY SHOBERT, | ) | |
| | ) | CJ 2021-5270 |
| Plaintiff, | ) Case No. | |
| | ) | FILED IN DISTRICT COURT |
| v. | ) | OKLAHOMA COUNTY |
| | ) | |
| SAM'S WEST, INC. | ) | DEC - 8 2021 |
| | ) | |
| Defendant. | ) | RICK WARREN |
| | | COURT CLERK |

**PETITION**

38 _____

COMES NOW the Plaintiff, Shelly Shobert individually ("Shobert"), by and through her undersigned counsel of record and for her cause of action against Defendant, Sam's West, Inc., ("Defendant"), alleges and states as follows, to-wit:

**FIRST CAUSE OF ACTION: NEGLIGENCE/GROSS NEGLIGENCE**

1. Plaintiff, Shelly Shobert, is an individual who resides in Oklahoma City, Oklahoma County, Oklahoma.

2. Defendant, Sam's West, Inc. is a Foreign for-Profit Business Corporation which owns and operates Sam's Club. Store No. 7189 at 4104 N. May Ave., Oklahoma City, OK 73112-6239. The Defendant may be served at The Corporation Company, 1833 S. Morgan Road, Oklahoma City, Oklahoma 73128.

3. That on or about August 8, 2021, at approximately 1:20 PM., the Plaintiff was an invitee on Defendant's property when she was caused to fall, suffering serious and permanent injuries.

4. That the Plaintiff's fall and subsequent injuries were caused solely by the Defendant, through its agents, employees, and/or servants, negligence regarding the dangerous and defective conditions of the area where she fell.

EXHIBIT 2

5. That the area was arranged and/or maintained in such a way that the dangerous condition was not open and obvious to the Plaintiff.

6. That the Plaintiff's fall and her resulting injuries were caused solely by the negligence of the Defendant and the dangerous and defective condition of the area where she fell without any fault on the part of the Plaintiff.

7. That the Plaintiff had the legal status of an invitee and the Defendant had the duty to exercise ordinary care to keep its premises in a reasonably safe condition for the use of invitees.

8. That the Defendant either knew or should have known of the condition of the area prior to the time of the Plaintiff's fall.

9. That on or about August 8, 2021 the Defendant, by and through its agents, employees, and/or servants, negligently failed to maintain safe premises, to warn of any dangers to the Plaintiff, and created a dangerous condition which was unknown to Plaintiff.

10. That Defendant failed to keep its property free of a hazard to which the Plaintiff was exposed and such exposure was substantially certain to result in serious injury.

11. That Defendant is responsible for condition of its property and the safety of its customers.

12. That Defendant breached its duty to the Plaintiff to warn of dangers, maintain safe premises, and otherwise prevent harm to Plaintiff.

13. That as a direct and proximate result of the negligence of the Defendant, the Plaintiff has sustained serious bodily injuries; has sustained aggravation of all pre-existing injuries; has incurred and will incur future medical expenses, has incurred and will occur future loss of wages; has suffered tremendous mental pain and suffering and has incurred property damages all in an amount in excess of $75,000.00.

## SECOND CAUSE OF ACTION: RESPONDEAT SUPERIOR/VICARIOUS LIABILITY

For her second claim, Plaintiff re-alleges and incorporates by reference the foregoing paragraphs and states:

14. At all relevant times all mentioned employees and agents for Defendant were acting within the course and scope of their employment and/or on behalf of Defendant.

15. That Defendant is responsible for the actions of its employees during the scope of their employment.

16. That as a direct and proximate result of the actions of the Defendant, Plaintiff was caused the injuries herein alleged.

## THIRD CAUSE OF ACTION: NEGLIGENT HIRING/SUPERVISION

For her third claim, Plaintiff re-alleges and incorporates by reference the foregoing paragraphs and states:

17. That Defendant had a duty to hire/supervise its employees in a manner calculated to prevent harm to Plaintiff.

18. That by failing to adequately hire/supervise its employees, Defendant breached its duty to Plaintiff.

19. That as a direct and proximate result of the actions of the Defendant, Plaintiff was caused the injuries herein alleged.

## FOURTH CAUSE OF ACTION: NEGLIGENT TRAINING

For her fourth claim, Plaintiff re-alleges and incorporates by reference the foregoing paragraphs and states:

20. Defendant had a duty to train its employees in a manner calculated to prevent harm to Plaintiff.

21. That by failing to adequately train its employees, Defendant breached its duty to Plaintiff.

22. That as a direct and proximate result of the actions of the Defendant, Plaintiff was caused the injuries herein alleged.

### FIFTH CAUSE OF ACTION: PUNITIVE DAMGES

23. The actions of Defendant demonstrate not only a willful violation of state statutes, but a reckless indifference or disregard for the safety of others, as well as a want of care that raises the presumption of willful and conscious indifference to the consequences of its acts.

24. Where a tortfeasor demonstrates a willful violation of laws enacted to protect members of the public, shows reckless indifference to the probable outcome of the acts which caused the serious injury or death of a person, or shows a conscious indifference to the consequences of the acts which caused the serious injury or death of a person, the imposition of punitive damages is warranted.

25. Plaintiff herein is entitled to punitive damages for the reckless, wanton and deliberate indifferent violations of state laws which were the direct and proximate cause of the Plaintiff's injuries and damages.

26. Plaintiff herein is entitled to punitive damages for the Defendant's conscious indifference to the negligent acts committed by Defendant and the deliberate indifference to the consequences of its negligence, which was the direct and proximate cause of Plaintiff's injuries and damages incurred.

27. That as a direct and proximate result of the actions of the Defendant, Plaintiff was caused the injuries herein alleged.

28. Pursuant to the provisions of 12 O.S. §3226(B)(2), Plaintiff submits this preliminary computation of damages sought in this lawsuit. As this is an action for injuries suffered by an adult, Plaintiff advises that all damages recoverable by law are sought, including those listed in OIJI 4.1. Plaintiff is unable to guess or speculate as to what amount of damages a jury might award. The elements for the jury to consider in this case include the following:

   a. Plaintiff's physical pain and suffering, past and future;
   b. Plaintiff's mental pain and suffering, past and future;
   c. Plaintiff's age;
   d. Plaintiff's physical condition immediately before and after the accident;
   e. The nature and extent of Plaintiff's injuries;
   f. Whether the injuries are permanent;
   g. The physical impairment;
   h. The disfigurement;
   i. Loss of earnings;
   j. Impairment of earning capacity;
   k. The reasonable expenses of the necessary medical care, treatment, and services, past and future.

**WHEREFORE**, the Plaintiff, Shelly Shobert, prays judgment over and against the Defendant, Sam's West, Inc., for actual damages and punitive damages in excess of $75,000.00, together with interest, both pre- and post-judgment, cost incurred in prosecuting this action, and all other relief the Court deems just and equitable.

Respectfully Submitted,

ALDRIDGE & TEASDALE
Attorneys for Plaintiff

_____
JAKE ALDRIDGE, OBA#21932
DAVID D. TEASDALE, OBA#30307
ALDRIDGE & TEASDALE, PLLC
324 W. Main Street
Norman, OK 73069
Telephone: (405) 447-4878
Facsimile: (405) 329-4878
Email: Jake@getatlaw.com
         David@getatlaw.com

**ATTORNEYS FOR PLAINTIFF**

**ATTORNEY'S LIEN CLAIMED**